**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN E. CARROLL, | ) |
|           Plaintiff, | ) |
| v. | ) |
| | ) |
| CITY OF OAK FOREST, an Illinois Municipal corporation, OAK FOREST BOARD OF FIRE AND POLICE COMMISSIONERS, and DAVID NAGEL, Individually and as Chairman of the OAK FOREST BOARD OF FIRE AND POLICE COMMISSIONERS, | ) Case No. 19-cv-07412 ) ) Judge Jorge L. Alonso |
|           Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Carroll brings claims under 42 U.S.C. § 1983 and the Illinois Whistleblower Act against the City of Oak Forest, the Oak Forest Board of Fire and Police Commissioners, and David Nagel. Carroll, a part-time firefighter and paramedic for the City of Oak Forest, alleges that defendants have retaliated against him for years based on his political affiliations and his claims that defendants' hiring practices are illegal. Defendants now move to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, defendants' motion is denied [12].

## BACKGROUND

The Court takes the following facts from Carroll's First Amended Complaint (Pltf.'s Am. Compl., ECF No. 1 at 55-70.) The facts are accepted as true for purposes of deciding the instant motion. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).

In 2003, Carroll was hired by the City of Oak Forest as a part-time firefighter. Thereafter, Carroll received training to become a paramedic and currently serves as a part-time firefighter/paramedic for the Oak Forest Fire Department ("OFFD"). Carroll's father, Edward

Carroll, is a long-time politician in Oak Forest. Edward Carroll is a former alderman and former member of the Oak Forest Board of Fire and Police Commissioners ("Board of Commissioners" or "the Board").

In 2005, JoAnn Kelly was elected mayor of Oak Forest. In the run-up to the election, the Carrolls campaigned against Kelly in favor of another candidate. Defendant David Nagel campaigned in support of Kelly for mayor. Both Kelly and Nagel knew the Carrolls campaigned against Kelly in the election. After she was elected mayor, Kelly appointed Nagel to the Board of Commissioners and declined to renew Edward Carroll's term on the Board. On Edward Carroll's last day on the Board, Nagel insulted Edward Carroll by making fun of plaintiff's emotional struggles in dealing with his mother's death.

Since he was hired in 2003, Carroll has tried to become a full-time firefighter with the OFFD. Illinois law dictates certain rules and procedures that a municipality like Oak Forest must follow when hiring full-time firefighters. In relevant part, municipalities like Oak Forest must hire full-time firefighters from a pool of candidates on an "eligibility list." To establish an eligibility list, municipalities periodically hold firefighter exams, and Illinois law requires a municipality to issue an initial eligibility list within 60 days of the exam. At some point, the eligibility list expires, and the municipality conducts another exam to create a new eligibility list. Applicants cannot be examined on their political opinions or affiliations. Subject to certain statutory exceptions, applicants must be below the age of 35 years old to take the exam.

In 2009, Oak Forest's Board of Commissioners held a full-time firefighter exam, but Carroll could not take the exam due to a shoulder injury. Defendants did not issue the eligibility list for the 2009 test until a year later, in 2010. Carroll claims this delay violates Illinois law and that defendants' delay was to ensure the son of a OFFD lieutenant would be hired as a firefighter.

By May 2012, the Board of Commissioners had not held another full-time firefighter exam, which Carroll also claims violated Illinois law. Carroll says he spoke to then-OFFD Chief Terry Lipinski about the Board's failure to have another exam, and Lipinski told Carroll that if he complained, "the Board would 'blackball' Carroll so that he would never become a full-time firefighter for OFFD." By April 2013, defendants had still not held another full-time firefighter exam, and Carroll again raised the issue with then-OFFD Chief David Griffin. Griffin responded by getting "in Carroll's face" and telling Carroll that if he or his father raised the issue of testing Carroll would be fired.

Carroll learned the Board of Commissioners was delaying expiration of the 2009 eligibility list so that the son of another OFFD lieutenant could be hired as a full-time firefighter. The son was hired in June 2013, and thereafter, the Board caused the 2009 eligibility list to expire.

The Board of Commissioners held another full-time firefighter exam in September 2014. Carroll was 35 years old at the time but was permitted to take the exam. When the exam began, Defendant David Nagel told Carroll that "he 'will never' make the eligibility list." Carroll states that due to Nagel's intimidation, Carroll did not pass the written test.

Thereafter, in September 2016, Carroll received a letter from defendants warning him that he did not work the minimum number of monthly shifts. Defendants threatened Carroll with termination for a subsequent violation, even though Carroll had never before fallen below the minimum number of shifts. Carroll states he received the letter despite defendants knowing that the issue was caused by an error in a new scheduling program, and Carroll further states that at least two other part-time firefighters who regularly worked fewer than the minimum number of monthly shifts did not receive similar letters.

The Board of Commissioners scheduled another full-time firefighter exam for January 20, 2018. When Carroll applied to take the exam, Carroll was told that Defendant Nagel determined Carroll was ineligible based solely on Carroll's age. Carroll was not provided any written notice of Nagel's decision nor was Carroll given any notice at all of his rights to challenge Nagel's decision. Prior to the exam, Carroll sought further explanation from Nagel via a telephone call and sent a letter to defendants through his attorney challenging the ruling. Defendants only responded through an attorney explaining again that Carroll was too old to take the exam.

Carroll alleges that defendants do not typically enforce the age restriction for the full-time firefighter exam. Aside from his own experience being allowed to take the exam in 2014, Carroll describes two other instances in 2000 and 2014 in which two applicants were allowed to take the full-time firefighter exam despite being 35 years or older at the time. Carroll alleges neither of those applicants campaigned against Kelly in 2005. Carroll also alleges that he spoke with two commissioners prior to the 2018 exam who said he would be permitted to take the exam despite the age restriction pursuant to the statutory exception described in 65 ILCS 5/10-1-7.1(c)(2), which states that the age restriction does not apply to an applicant who has worked as a part-time firefighter for five years immediately preceding the time the municipality begins using full-time firefighters.

Carroll originally filed this suit in Cook County Circuit Court on January 22, 2019. Carroll alleges that defendants continued to retaliate against him after he filed suit. In February 2019, defendants enacted a new rule regarding part-time employees that only impacted Carroll and that forced him to work fewer hours, despite OFFD being understaffed. Further, after Carroll's supervisor encouraged Carroll to earn a SWAT medic certification and after Carroll earned the certification at his own expense, defendants refused to put Carroll on the SWAT team, despite an

open position on the SWAT team. Defendants offered no explanation for their decision. Finally, in September 2019, Carroll sought temporary assignment to light duty so that he could recover from an upcoming gallbladder removal surgery; defendants denied the request without explanation, despite previously granting such requests made by other OFFD employees.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mithceff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "a short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under federal notice-pleading standards, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013).

## DISCUSSION

Again, in his First Amended Complaint, Carroll brings two claims: (1) a First Amendment retaliation claim under § 1983 (Count I); and (2) a claim under the Illinois Whistleblower Act (Count II). Defendants argue both claims should be dismissed for a number of reasons. The Court addresses each claim in turn.

I.  **First Amendment Retaliation**

To state a First Amendment retaliation claim under § 1983, Carroll must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In essence, Carroll alleges he exercised his First Amendment rights when he campaigned against Mayor JoAnn Kelly in 2005 and that, because of his actions, defendants retaliated against him through a series of acts, including defendants' refusal to allow Carroll to take the 2018 firefighter exam.

In moving to dismiss Count I, defendants argue a two-year statute of limitations applies to Carroll's retaliation claim and that, as such, none of the alleged retaliatory acts occurring prior to January 2017 can form the basis of his claim. (Defs.' Mot. to Dismiss, ECF No. 12 at 5-6.) Defendants then argue that Carroll fails to allege facts supporting the third element of his retaliation claim, i.e., causation. Defendants argue that, setting aside the time-barred allegations, the only retaliatory act Carroll complains of is defendants' refusal to allow him to take the 2018 firefighter exam.[1] Defendants argue Carroll fails to adequately allege defendants' decision was in retaliation for Carroll's political activity because ultimately, under Illinois law, defendants were barred from allowing Carroll to take the exam due to his age. (*Id*. at 6-9); *see also* 65 ILCS 5/10-1-7.1 ("No person who is 35 years of age or older shall be eligible to take an examination for a position as a firefighter….").

---

[1] As Carroll highlights in his response brief, defendants' argument fails to address Carroll's allegations that defendants continued to retaliate against him after he filed suit in January 2019. (*See* Pltf.'s Resp., ECF No. 21 at 8; *see also* ECF No. 1 at ¶¶ 63-71.) The Court need not address this point though because defendants' arguments fail for other reasons.

6

Putting aside defendants' statute of limitations argument for a moment, Carroll adequately pleads facts supporting the third element of his retaliation claim with respect to the 2018 firefighter exam. Defendants overstate Carroll's pleading burden when they argue that Carroll "fails to plausibly allege the but-for causation necessary for First Amendment retaliation claims." (ECF No. 12 at 6.) It is true that to prevail on his claim, Carroll *may* ultimately have to show that his First Amendment activity was a "but-for" cause of defendants' decision to bar him from the 2018 firefighter exam, but to make a *prima facie* showing of causation, Carroll must only plead that his actions were a "motivating factor" in defendants' decision. *See Greene v. Doruff*, 660 F.3d 975, 978-980 (7th Cir. 2011) (explaining First Amendment retaliation burden-shifting framework). Moreover, the issue of causation is generally "a factual matter" that is "best answered by the traditional finder of fact" and not by a court at the pleading stage. *Volkman v. Ryker*, 736 F.3d 1084, 1089 (7th Cir. 2013).

Keeping these principles in mind, Carroll has alleged that he campaigned against JoAnn Kelly in 2005, that defendants barred him from taking the 2018 firefighter exam, and that defendants did so in part because Carroll campaigned against Kelly. In addition, Carroll also alleges multiple instances in which defendants did not enforce Illinois' age rule for firefighter applicants. Specifically, Carroll alleges defendants allowed him to take the 2014 exam even though he was already 35 years old at the time and alleges in detail that defendants allowed two other people to take the exam even though they were over the age of 35; Carroll also alleges the two other applicants had not campaigned against Kelly. (ECF No. 1 at ¶¶ 35, 39-45.)[2] Later, if Carroll can present evidence in support of these allegations, defendants will have the opportunity to defeat

---

[2] In their reply, defendants argue that a different Illinois statute governed full-time firefighter testing when one of the applicants, Steve Urban, was permitted to take the exam in 2000. However, defendants fail to explain how the statutes materially differ, and the Court cannot see any difference. *Compare* 65 ILCS 5/10-1-7.1 *with* 65 ILCS 5/10-1-7(i) (LexisNexis 2000).

Carroll's claim by showing that they would have taken the same action regardless of Carroll's political activity in the 2005 mayoral race. *Greene*, 660 F.3d at 979. But at this stage, particularly in light of the allegations that defendants had a history of disregarding Illinois' age rule, Carroll sufficiently alleges that his First Amendment activity was a motivating factor in defendants' decision to bar him from the 2018 exam. *See McCarragher v. Ditton*, No. 14 C 08591, 2017 WL 2180436, at *7 (N.D. Ill. May 18, 2017) (finding plaintiff plausibly alleged causation for First Amendment retaliation claim); *Kirley v. Bd. of Edu. of Maine Twp. High Sch. Dist. 207*, No. 13 C 1706, 2013 WL 6730885, at *10 (N.D. Ill. Dec. 20, 2013) (finding plaintiff plausibly alleged causation despite gap in time between First Amendment activity and retaliation).

Given the foregoing, defendants' argument regarding the statute of limitations does not warrant dismissal of Count I either. A statute of limitations is an affirmative defense, and "[o]rdinarily a district court should not dismiss a suit based on the affirmative defense of the statute of limitations…[unless] the dates provided in the complaint establish that the suit is hopelessly time-barred." *McNeil v. Salvation Army*, 754 F. App'x 469, 471 (7th Cir. 2019) (quotations and citations omitted). Illinois law provides that a two-year statute of limitations applies to Carroll's § 1983 claim. *See Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (explaining that the limitations period for § 1983 claims is governed by personal injury law of the state where the injury occurred and that Illinois has a two-year statute of limitations). Because Carroll filed suit in January 2019 and because his retaliation claim is based, at least in part, on defendants' actions that happened in January 2018 or later, Carroll has alleged a timely claim. *See e.g., Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 535 (7th Cir. 2006) (finding that although some of plaintiff's allegations in support of her First Amendment retaliation claim appeared untimely, plaintiff

alleged certain acts occurred within the limitations period "and that is enough for purposes of Rule 12(b)(6)").[3]

## II.     Illinois Whistleblower Act

In general, the Illinois Whistleblower Act ("IWA") prohibits an employer from retaliating against an employee for the employee's disclosure or attempted disclosure of the employer's violation of state or federal law. *See* 740 ILCS 174/1 *et seq.*; *see also Roberts v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, 434 Ill.Dec. 309, 135 N.E.3d 891, 900 (Ill. 2019). As the basis of Carroll's claims, the parties focus on Section 20.1 of the IWA, which states:

> Any other act or omission not otherwise specifically set forth in this Act, whether within or without the workplace, also constitutes retaliation by an employer under this Act if the act or omission would be materially adverse to a reasonable employee and is because of the employee disclosing or attempting to disclose public corruption or wrongdoing.

740 ILCS 174/20.1. Carroll alleges that he "repeatedly raised violations of Illinois law" regarding defendants' "refusal to maintain and update its full-time firefighter eligibility list consistent with Illinois law" and that, in retaliation, defendants threatened him with termination, reduced his work hours, refused to let him take the 2018 full-time firefighter exam, and denied him a spot on the SWAT team after causing him to spend time and money to become SWAT certified. (ECF No. 1 at ¶¶ 26-32, 53-55, 63-68, 85-89.)

Defendants argue that Carroll's IWA claim should be dismissed because: (1) Carroll fails to allege that defendants committed a "materially adverse act" that qualifies as retaliation; (2) defendants are immune under the Illinois Tort Immunity Act; and (3) the one-year statute of

---

[3] Defendants also generally argue that Carroll fails to meet the *Iqbal*/*Twombly* plausibility standard in pleading his claims. (ECF No. 12 at 3-4.) The Court notes that, even assuming the allegations falling outside the applicable statute of limitations are time-barred and thus cannot form the basis of either of Carroll's claims, they are nevertheless facts that make it more plausible that defendants' non-time-barred actions were, in fact, in retaliation for Carroll's protected activity.

limitations provided by the Illinois Tort Immunity Act bars Carroll's claim. None of these arguments warrant dismissal.

### A. Materially Adverse Act

The Court finds that Carroll has alleged a "materially adverse act" as required by Section 20.1 of the IWA. 740 ILCS 174/20.1. "A materially adverse employment action is 'one that significantly alters the terms and conditions of the employee's job.'" *Owens v. Dep't of Human Rights*, 403 Ill. App. 3d 899, 936 N.E.2d 623, 640 (Ill. App. Ct. 2010) (quoting *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004)). "Adverse employment actions include things such as hiring, denial of promotion, reassignment to a position with significantly different job responsibilities, or an action that causes a substantial change in benefits." *Owens*, 936 N.E.2d at 640. Here, Carroll alleges *inter alia* that defendants barred him from testing to become a full-time firefighter in 2018, reduced his work hours, and denied him placement on the SWAT team in retaliation for Carroll raising what he believed were defendants' violations of Illinois law with regard to how they maintained and updated their full-time firefighter eligibility list. As such, Carroll alleges a "materially adverse employment action" for purposes of a IWA claim. *See e.g., Elue v. City of Chicago*, No. 16 CV 09564, 2017 WL 2653082, at *6 (N.D. Ill. June 20, 2017); *see also Spalding v. City of Chicago*, 186 F. Supp. 3d 884, 918 (N.D. Ill. 2016) (finding that acts that did not affect plaintiff's salary, including transfer to a less desirable shift and assignment to "dead end" cases, could nonetheless be "materially adverse" for purposes of IWA claim).

Defendants contend that their refusal to allow Carroll to take the 2018 firefighter exam cannot be deemed a "materially adverse act" because, again, Illinois law barred Carroll from taking the exam due to his age. As discussed above, Carroll has alleged that defendants repeatedly disregarded Illinois' age rule such that it is plausible to find that defendants' decision to bar Carroll

was retaliatory, and defendants fail to cite any legal authority or explain why the Court should find otherwise at this stage. Defendants also conclusively argue that, besides the 2018 firefighter exam, Carroll "has failed to allege any act or omission by any Defendant that was materially adverse to him." (*See* ECF No. 12 at 10; *see also* Defs.' Reply, ECF No. 27 at 8.) This argument either ignores the other alleged retaliatory acts mentioned above or fails to explain how they cannot amount to a "materially adverse act." Either way, defendants fail to meet their burden under Rule 12(b)(6) on this point.[4]

### B. Illinois Tort Immunity Act

Defendants make two arguments with respect to the Illinois Tort Immunity Act ("TIA"). 745 ILCS 10/1-101 *et seq*. First, they argue Sections 2-201 and 2-109 grant defendants immunity regarding Carroll's IWA claim.[5] Second, they argue the one-year statute of limitations provided in Section 8-101 of the TIA bars Carroll's claim.

At the outset, the Court notes it looks to state immunity rules to determine whether defendants are immune from liability under state law. *See Fields v. Wharrie*, 740 F.3d 1107, 1115 (7th Cir. 2014). Both the TIA's immunity provisions and its statute of limitations provision are affirmative defenses, so the burden is on the defendants to establish that that the TIA bars liability. *Van Meter v. Darien Park Dist.*, 207 Ill.2d 359, 799 N.E.2d 273, 280 (Ill. 2003); *see also Khan v.*

---

[4] Similarly, in passing, defendants suggest that Carroll fails to tie any materially adverse act to his attempts to disclose defendants' public wrongdoing and that Carroll's actions regarding defendants' handling of the eligibility lists does not amount to attempted disclosure under the IWA. (*See* ECF No. 12 at 10; *see also* ECF No. 27 at 2, 8.) Defendants fail to develop these arguments or cite any legal authority in support thereof, and as such, the Court will not address these arguments at this time. *See e.g., Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 387 (7th Cir. 2010).

[5] Defendants do not argue that the TIA offers immunity for Carroll's First Amendment retaliation claim, nor can they. *See Hampton v. City of Chicago, Cook Cty., Ill.*, 484 F.2d 602, 607 (7th Cir. 1973) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983…cannot be immunized by state law.").

11

*Bd. of Educ. of City of Chicago*, No. 16 CV 8668, 2018 WL 6192186, at *7 (N.D. Ill. Nov. 28, 2018). Further, because the TIA is "in derogation of the common law, it must be strictly construed" against the public entity involved. *Van Meter*, 799 N.E.2d at 279.

Section 2-201 of the TIA provides "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. Section 2-109 provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109. Defendants argue that Carroll's allegations of retaliation all relate to his employment status—i.e., "decisions related to hir[ing], firing, promotions, scheduling hours and SWAT team assignments"—and that, as such, these acts are "discretionary policy decisions" protected under Section 2-201 of the TIA. (ECF No. 12 at 10.) Defendants further argue that because the relevant employees like Defendant Nagel are immune under Section 2-201, the other defendants are immune under Section 2-109.

At this stage, it is not clear that Section 2-201 immunity applies, and as such, dismissal is inappropriate. A public official is immune under Section 2-201 where the act or omission at issue is "both a determination of policy and an exercise of discretion." *Harrison v. Hardin Cty. Cmty. Unit Sch. Dist. No. 1*, 197 Ill.2d 466, 758 N.E.2d 848, 852 (Ill. 2001). Relevant to purposes of deciding the instant motion, in determining whether Section 2-201 immunity applies, a court determines (1) whether the official's act was a "discretionary act" or a "ministerial act" and (2) whether the act constitutes a "policy decision." *Id*. A "policy decision" requires the "employee to balance competing interests and to make a judgment call as to what solutions will best serve each of those interests." *Id*.

12

Standing alone, the allegations regarding defendants' barring Carroll from the 2018 firefighter exam show that Section 2-201 immunity does not apply. Carroll alleges that defendants' decision to bar him from the 2018 exam was purely retaliatory, and there are no allegations in the First Amended Complaint showing that defendants' decision involved any sort of balancing of interests that would make it a "policy decision" within the meaning of Section 2-201. Courts in this district considering similar facts have declined to apply Section 2-201 to a plaintiff's state law claims. *See Valentino v. Vill. of S. Chicago Heights*, 575 F.3d 664, 679 (7th Cir. 2009) (reversing grant of summary judgment and finding Section 2-201 did not bar retaliatory discharge claim because "one-time decision to fire one employee" did not amount to "judgment call between competing interests"); *see also Davis v. Bd. of Educ. of Waukegan Cmty. Unit Sch. Dist. No. 60*, No. 19 C 4293, 2020 WL 1848205, at *5 (N.D. Ill. Apr. 13, 2020) (denying motion to dismiss Whistleblower Act claim based on Sections 2-201 and 2-109 of TIA because court could not "draw the inference that [defendant] identified and balanced competing interests in order to recommend plaintiff's termination"); *Cary v. Ne. Illinois Reg'l Commuter R.R. Corp.*, No. 19 C 03014, 2020 WL 1330654, at *8 (N.D. Ill. Mar. 22, 2020) (denying motion to dismiss Whistleblower Act claim based on Section 2-201 where plaintiff alleged retaliation including being harassed, marginalized, and excluded from job-related activities); *Spalding*, 186 F. Supp. 3d at 919 (denying summary judgment on Whistleblower Act claim based on Section 2-201 because facts permitted finding "that the defendant officers retaliated against Plaintiffs for statutorily protective activity, and such retaliation cannot be characterized as a policy decision or a discretionary 'judgment call between interests'"); *Weiler v. Vill. of Oak Lawn*, 86 F. Supp. 3d 874, 885 (N.D. Ill. 2015) (denying motion to dismiss Whistleblower Act claim based on Section 2-201 where plaintiff alleged defendant recommended eliminating plaintiff's department in retaliation for protected conduct); *Thompson*

*v. Bd. of Educ. of City of Chicago*, No. 11 C 1712, 2013 WL 4080650, at *4 (N.D. Ill. Aug. 13, 2013) (finding TIA "is not a proper basis for a Rule 12(b)(6) dismissal" of Whistleblower Act claim because determining whether Section 2-201 applies "resists precise formulation, and…must be made on a case-by-case basis") (quoting *Snyder v. Curran Twp.*, 167 Ill.2d 466, 657 N.E.2d 988, 992-93 (Ill. 1995)).

The Court is aware of some non-binding decisions which have found to the contrary, and defendants cite one of those decisions in their briefing. *See McBride v. McLean Cty.*, 397 F. Supp. 3d 1198, 1211-13 (C.D. Ill. 2019). In *McBride*, the district court dismissed plaintiff's IWA claim against one of the individual defendants based on Section 2-201 immunity, but the Court thinks the facts are distinguishable from Carroll's case. In *McBride*, the district court appears to have relied on facts that budget shortfalls forced the individual defendant to make workforce reductions when ruling that the defendant's alleged act of retaliation qualified as a "policy determination." 397 F. Supp. 3d at 1205-06. There are no similar allegations here showing that defendants were weighing competing interests when they, for example, barred Carroll from taking the 2018 exam. Assuming defendants did weigh competing interests would be effectively drawing inferences against Carroll, which is improper on a Rule 12(b)(6) motion. Thus, the Court finds Section 2-201 immunity does not clearly apply here, and because Section 2-201 immunity does not apply, neither does Section 2-109 immunity.

Next, defendants claim that the TIA's one-year statute of limitations bars Carroll's Whistleblower Act claim. Section 8-101 of the TIA states that "[n]o civil action…may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action

14

accrued. 745 ILCS 10/8-101(a). Again, considering only defendants' alleged retaliatory act of barring Carroll from the 2018 exam, the Court finds Carroll's claim is timely under Section 8-101.

Under Illinois law, the limitations period begins to run on the date of the plaintiff's injury. *See Feltmeier v. Feltmeier*, 207 Ill.2d 263, 798 N.E.2d 75, 85 (Ill. 2003). If the basis for Carroll's IWA claim is the 2018 exam, the limitations period began running on January 20, 2018, the date of the exam (and the date Carroll was denied the opportunity to take the exam). (*See* ECF No. 1 at ¶ 53); *see also Elue*, 2017 WL 2653082 at *10 (noting IWA claim accrued on date plaintiff was denied promotion, i.e., the date of the adverse act). At first blush, it would appear Carroll just missed the one-year statute of limitations because he filed his suit on January 22, 2019. (*See* ECF No. 1 at 12.) However, the Court takes judicial notice that January 20, 2019 was a Sunday and January 21, 2019 was a court holiday. *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012); *see also Smith v. Cty. of Racine*, No. 05 C 871, 2007 U.S. Dist. LEXIS 65235, at *6 n.6 (E.D. Wis. Sep. 4, 2007) (taking judicial notice that date fell on particular day of the week). Thus, under Illinois law, the statute of limitations would not have run until January 22, 2019, making Carroll's IWA timely. 5 ILCS 70/1.11; *see Hale v. Pace*, No. 09 C 5131, 2011 WL 1303359 (N.D. Ill. Mar. 31, 2011) (discussing Illinois law's treatment of weekends and court holidays for calculating statute of limitations).

### III.     Illinois Administrative Review Act

Finally, defendants argue that, to the extent Carroll's claims are premised on defendants' not allowing Carroll to take the 2018 firefighter exam, this amounts to challenging a final decision made by Defendant Board of Commissioners. Defendants contend that any challenge to a "final decision" rendered by the Board is reviewable exclusively under the Illinois Administrative Review Law, which requires such a challenge to be brought within 35 days of the date of the

decision. (ECF No. 12 at 11-12.) Defendants argue that because Carroll filed suit more than 35 days after he was notified he was ineligible for the 2018 exam, he has failed to exhaust his administrative remedies as required by the Administrative Review Law. Carroll responds that the Administrative Review Law does not bar his claims here because Carroll was never served with a copy of the Board's decision regarding the 2018 exam.

Like TIA immunity and the statute of limitations, failure to exhaust administrative remedies is an affirmative defense and is generally not a proper basis to dismiss pursuant to Rule 12(b)(6). *See Mosely*, 434 F.3d at 533; *see also Irshad Learning Ctr. v. Cnty. of DuPage*, 804 F. Supp. 2d 697, 706 (N.D. Ill. 2011) (addressing failure to exhaust argument pursuant to Illinois Administrative Review Law). Section 3-103 of the Administrative Review Law provides the relevant language here and states: "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that *a copy of the decision sought to be reviewed was served upon the party affected by the decision*. . . ." 735 ILCS 5/3-103 (emphasis added).

The plain language of Section 3-103 suggests that a party like Carroll must be served with a written "copy of the decision" for the 35-day period to begin running. Carroll alleges that while he learned of defendants' decision through two telephone calls, he never received anything in writing reflecting that defendants reached a final decision. (ECF No. 1 at ¶¶ 55-62.) In fact, to the contrary, Carroll alleges that at least one commissioner on the Board did not know why defendants barred him from taking the exam when Carroll asked for an explanation, suggesting that the Board did not reach a "final decision" at all. (*Id.* at ¶ 56.) While defendants show that they did not have to present Carroll with a formal written ruling for the 35-day period to begin running—*see e.g., Stover v. Bd. of Fire & Police Comm'rs of City of O'Fallon*, 291 Ill. App. 3d 784, 684 N.E.2d

16

1100, 1104-05 (Ill. App. Ct. 1997) (noting informal letter will suffice for purposes of Section 3-103)—defendants do ***not*** show that oral notification can satisfy the requirements of Section 3-103, and the Court cannot find any binding authority so holding. As such, at this stage, defendants fail to show that dismissal is appropriate based on Section 3-103 of the Illinois Administrative Review Law.

## CONCLUSION

Based on the foregoing, the Court denies defendants' Motion to Dismiss in its entirety [12].

**SO ORDERED.**                             **ENTERED: May 18, 2020**

_____
**HON. JORGE ALONSO**
**United States District Judge**

.