# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN E. CARROLL, | ) |
| | ) No. 19 C 7412 |
| Plaintiff, | ) |
| | ) Judge Jorge L. Alonso |
| v. | ) |
| | ) |
| CITY OF OAK FOREST, et. al. | ) |
| | ) |
| Defendants. | ) |

## Memorandum Opinion and Order

Defendants City of Oak Forest, Oak Forest Board of Fire and Police Commissioners, and David Nagel (collectively "Defendants") move for leave to file an Amended Answer to the Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 15. For the following reasons, the Court grants Defendant's motion for leave to amend [69].

## Background

Plaintiff Brian Carroll ("Carroll") worked for Defendants as a firefighter and paramedic for several years. In Plaintiff's First Amended Complaint, Carroll alleges that while employed by Defendants, Defendants harassed, discriminated, and retaliated against him because of his political affiliations. To support his claims, Carroll alleges that Defendant David Nagel ("Nagel") fostered an abusive workplace, intimidated Carroll with work-related threats, and refused to certify Carroll's qualification to take a firefighter certification test.

On December 16, 2019, Defendants filed their Answer to Plaintiff's First Amended Complaint ("Answer"). The parties then moved on to discovery. On January 11, 2021, Carroll's counsel took the deposition of David Nagel. In his deposition, Nagel testified inconsistently with

Defendant's Answer in response to paragraphs 22 and 55 of Plaintiff's First Amended Complaint.

Paragraph 22 of Plaintiff's First Amended Complaint states "Defendant Nagel campaigned for, and supported Kelly to be Mayor. Defendant knew that Carroll and Edward campaigned against Kelly." Defendants originally admitted the allegation. In his deposition, Nagel stated that although he knew multiple candidates were on the ballot, he did not actively campaign against Kelly. He also states he did not recall that Carroll campaigned against Kelly.

Paragraph 55 of Plaintiff's First Amended Complaint states "Later that day, the test center called Carroll to inform him that Defendant Nagel denied Carroll's eligibility to sit for the January 20 exam. Defendant Nagel's sole reason was Carroll's age." Defendants originally admitted this allegation. During his deposition, Nagel affirmed that the sole reason Carroll was denied eligibility to sit for the exam was his age, but that Nagel didn't make that decision.

Defendants now seek leave to file an Amended Answer and correct their answers made in response to paragraphs 22 and 55. Defendants Amended Answer seeks to deny Paragraph 22 in its entirety, and to admit in part and deny in part the allegations in Paragraph 55. Defendants continue to admit that the sole reason Carroll was denied eligibility to sit for the exam was his age, but now deny the remaining allegations in paragraph 55.

## Standard of Review

Federal Rule of Civil Procedure 15 allows a party to amend its pleading upon leave of court. Fed. R. Civ. P. 15. Rule 15(a)(2) states that "the court should freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962). Rule 15 favors the liberal amendment of pleadings to ensure the consideration of claims on their merits. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Still, a district court

acting in their sound discretion may refuse to grant leave "if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849(7th Cir. 2002); *see also Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). The party seeking an amendment carries the burden of proof in showing that no prejudice will result to the nonmoving party. *King v.* Cooke, 26 F.3d 720, 725 (7th Cir. 1994).

## Discussion

In their motion, Defendants argue that permitting an amended answer will conform the pleadings to the record and allow them to properly assert their defense. In response, Plaintiff argues that granting Defendants leave to amend their answer would prejudice Plaintiff by depriving them of the judicial admissions Defendants made and failed to correct for over a year.

Starting with the arguments related to delay, although Plaintiff correctly states that Defendants' request comes over a year after the initial answer, general delay alone is not a sufficient basis for denial. *Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir. 1992). Additionally, this is not a case where substantive amendments are being requested right before trial. *See Perrian v. O'Grady*, 958 F.2d at 195 (affirming denial of a motion to amend due to undue delay because the motion was made "so close to the beginning of trial" that it would inevitably burden the system); *see also Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990) ("eleventh hour additions of new legal and factual theories inevitably require new rounds of discovery… bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants"). In fact, at the time that this motion was brought, discovery was ongoing. Nothing in the records suggests that Plaintiff has forgone discovery in reliance on Defendant's admissions in their Answer. *See King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994)

3

("delays in the amendment of pleadings that result in the loss of evidence or of a witness will indeed often be prejudicial"). Thus, the Court declines to deny the motion on delay grounds.

Moreover, granting Defendant's leave to amend would not unduly prejudice Plaintiff. When determining if granting leave causes undue prejudice, the court looks at the hardship to the moving party if the court denies the motion, reasons for requesting the amendment, and hardship to the nonmoving party if the court grants the motion. *Tristate Bolt Co. v. W. Bend Mut. Ins. Co.*, No. 1:18-cv-00212-TLS-SLC, 2020 U.S. Dist. LEXIS 17084, 2020 WL 503036, at *2 (N.D. Ind. Jan. 31, 2020). Defendants state that the requested amendments are necessary so that they can conform the proceedings to the record and properly assert their defense. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) ("applying the liberal standard for amending pleadings, especially in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits"). Indeed, the hardship to the moving party here is self-evident: Defendants are forced to accept as true a statement they believe is untrue. What's more, although Nagel admitted he reviewed the answer prior to filing, his testimony reveals the source of the error: he misunderstood the way the answer was being presented.

Plaintiff characterizes Defendants' request as an effort to reverse judicial admissions, rather than an effort to correct mistaken answers. Defendants' Answer does contain judicial admissions, but that does not mean that Defendant automatically forfeits their ability to amend their answers. *See Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996). Moreover, Plaintiff has not pointed to any specific prejudice that would result if the amendment was allowed. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (rejecting allegations of prejudice based on the passage of time alone). Nagel was the first individual

deposed, and Plaintiff has had adequate opportunity to depose all other individuals involved in this matter, including about these allegations. Nothing in the record suggests that granting leave to amend would significantly burden Plaintiff. *See Johnson v. Methodist Med. Ctr.*, 10 F.3d 1300 (7th Cir. 1993) (denying an amendment which would require extensive discovery). Thus, the Court declines to deny the motion on prejudice grounds.

As a final matter, the Court declines to deny Defendants' motion on the basis of futility. Unless a proposed amendment is clearly futile, it would be improper for the court to deny leave to amend on this ground. *Range v. Brubaker*, No. 3:07 CV 480, 2009 U.S. Dist. LEXIS 91027, 2009 WL 3257627, at *3 (N.D. Ind. Sep. 30, 2009). Defendants provided this court with the requested amendments and only seeks to amend their answers to paragraphs 22 and 55. Defendants' proposed amendments is limited and adequately addresses the contested issues. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("a district court acts does not abuse its discretion by denying a motion for leave to amend when the plaintiff fails to establish that the proposed amendment would cure the deficiencies identified in the earlier complaint"). Thus, the Court declines to deny the motion on futility grounds.

## Conclusion

Because Defendants provided this court with an adequate explanation for their request for leave to amend and the Court finds no showing of undue delay or undue prejudice, the Court grants Defendants motion for leave to amend [69]. Defendants shall file their amended answer as a separate entry on the docket by July 15, 2021.

**SO ORDERED.**  ENTERED: July 9, 2021

_____
**JORGE L. ALONSO**
**United States District Judge**